IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| Ana Hernandez, José Alfredo Rocha Herrera, and Patricia Moreno, | ) ) ) | |
| | ) | Civil Action File No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RUTCO, LLC; RUTCO Transport LLC; and Ty Rutledge, | ) ) ) | |
| Defendants. | | |

## COMPLAINT

COME NOW, Plaintiff Ana Hernandez, José Alfredo Rocha Herrera, and Patricia Moreno (collectively, "Plaintiffs"), by and through their counsel, and bring this *Complaint* for damages against RUTCO, LLC; RUTCO Transport LLC; and Ty Rutledge (collectively, "Defendants").

**I.   Introduction**

1.  Plaintiffs were employed by Defendants as manual laborers in March and April 2023. Defendants did not pay Plaintiffs overtime premiums, as required by the Fair Labor Standards Act ("FLSA"). Further, Defendants did not pay Plaintiffs at all for several weeks of work, in violation of the FLSA minimum

wage provision, state contract law, and state equity principles.

2. Plaintiffs requested their unpaid wages on several occasions, to no avail.

## II. Jurisdiction and Venue

3. The Court has subject matter jurisdiction over FLSA claims in this action because they arise under federal statutory law.

4. The Court has jurisdiction of Plaintiffs' pendant state law and equity claims because they are part of the same case or controversy as Plaintiffs' federal claims.

5. The Court has personal jurisdiction over Defendants because they reside in and regularly conduct business in the state of Georgia and in this District.

6. Venue is proper in this district and division, as all Defendants are residents of this state and district, and the wrongs giving rise to Plaintiffs' claims took place herein.

## III. Parties

7. Plaintiffs are residents of Whitfield County, Georgia and submit themselves to the jurisdiction of this Court.

8. Plaintiffs worked for Defendants in March and April 2023.

9. At the time of his employment, Plaintiff José Alfredo Rocha Herrera was known to Defendants as David A. Chavez.

10. At the time of her employment, Patricia Moreno was known to Defendants as Astrid Vega.

11. Plaintiffs were employees of Defendants within the meaning of the FLSA.

12. Plaintiffs were engaged in interstate commerce or in the production of goods for interstate commerce while working for the Defendants.

13. Plaintiffs' written consent to join this FLSA collective action as attached as Exhibit A to this Complaint.

14. Defendant RUTCO, LLC is a Georgia Domestic Limited Liability Company with its place of business in Resaca, Georgia (Gordon County).

15. Defendant RUTCO Transport LLC is a Georgia Domestic Limited Liability Company with its place of business in Resaca, Georgia (Gordon County).

16. Defendant Ty Rutledge is the organizer, owner, and registered agent of Defendants RUTCO, LLC and RUTCO Transport LLC (collectively, the "LLC Defendants").

17. Defendant Ty Rutledge resides in Resaca, Georgia (Gordon County).

18. Defendants regularly conduct business in the State of Georgia.

19. Defendants were employers and/or joint employers of Plaintiffs within the meaning of the FLSA.

20. Defendants exercised control over the work Plaintiffs performed.

21. Defendants had the power to establish, and did establish, the terms of Plaintiffs' employment.

22. Defendants determined the wages to be paid to Plaintiffs.

23. Defendants had the power to hire and fire Plaintiffs.

24. Defendant Ty Rutledge exercised operational control over significant aspects of the day-to-day functions of the LLC Defendants.

25. Defendant Ty Rutledge actively managed, supervised, and directed the business operations of the LLC Defendants.

26. Defendant Ty Rutledge did not treat the LLC Defendants as separate entities form himself as an individual and did not observe the formal legal requirements for treating the LLC Defendants as separate entities.

27. Defendant Ty Rutledge created and operated the LLC Defendants for the purpose of avoiding civil liability.

28. The LLC Defendants did not operate at arm's length from Defendant Ty Rutledge.

29. The LLC Defendants are alter egos of Defendant Ty Rutledge.

30. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

**IV.   Facts**

31. Throughout their full-time employment with Plaintiffs regularly worked more than 40 hours per workweek.

32. Despite Plaintiffs' long hours of work, Defendants never paid them overtime at a rate of time and a half of their regular hourly rate for every hour they worked above 40 hours in a single workweek.

33. Defendants did not pay Plaintiffs at all for several weeks of work. Therefore, Defendants did not pay Plaintiffs the minimum wage of $7.25 per hour during those workweeks.

34. Defendants did not maintain accurate records of the hours Plaintiffs worked, in violation of the FLSA.

35. Defendants agreed and promised Plaintiffs would earn a regular wage of $11.00 per hour during Plaintiffs' employment.

36. Plaintiffs relied on Defendants' agreements and promises, to Plaintiffs' detriment.

5

37. Defendants' agreement to pay Plaintiffs a regular wage of $11.00 per hour during Plaintiffs' employment constituted contracts with Plaintiffs.

38. The parties were able to contract.

39. There was consideration moving the contracts.

40. The parties assented to the terms of the contracts.

41. There was a subject matter upon which the contracts could and did operate.

42. Defendants breached their contracts with Plaintiffs by failing to pay them a regular wage rate of $11.00 per hour.

43. Defendants fraudulently induced Plaintiffs to continue to work for Defendants for no wages by promising that the wages would be forthcoming. Defendants knew these promised wages were misrepresentations.

44. Plaintiffs asked Defendants to pay the wages owed on several occasions, including by written demand on May 3, 2023. To date, Defendants have not paid any of the wages owed.

## IV. Legal Claims

### Count I

### Violations of the FLSA

45. By this reference, Plaintiffs incorporate the above factual statements as if fully stated herein.

46. Defendants willfully and intentionally failed to pay Plaintiffs overtime at a rate of at least one-and-a-half times the legally required wage for every hour they worked above 40 hours in a workweek.

47. Defendants' failure to pay overtime premiums violated the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

48. Defendants willfully and intentionally failed to pay Plaintiffs the minimum wage of $7.25 per hour during the workweeks for which Defendants did not pay Plaintiffs any wages.

49. Defendants' failure to pay the minimum wage violated the FLSA, 29 U.S.C. § 206(a)(1)(C), and its implementing regulations.

50. Further, Section 211 of the FLSA requires employers to keep accurate records of data related to their employees' "wages, hours, and other conditions and practice of employment." 29 U.S.C. § 211(a), (c).

51. Defendants failed to document the hours Plaintiffs worked each workweek.

52. Plaintiffs are therefore entitled to their unpaid overtime premiums, minimum wages, and an equal amount in liquidated damages, as a consequence of Defendants' unlawful acts and omissions, in accordance with 29 U.S.C. § 216(b).

## Count II

## Breach of Contract

53. By this reference, Plaintiffs incorporate the above factual statements as if fully stated herein.

54. Plaintiffs and Defendants had contracts under which Defendants would pay Plaintiffs $11.00 per hour for Plaintiffs' employment with Defendants.

55. Plaintiffs complied with their contractual requirements.

56. Defendants willfully failed to fulfill and comply with their contractual obligations by not paying Plaintiffs $11.00 for all regular hours worked.

57. Defendants' actions and inactions constituted a breach of their obligations under the contracts and have caused Plaintiffs to suffer damages in an amount to be proven at trial.

58. Defendants have acted in bad faith, been stubbornly litigious, and have cause Plaintiffs unnecessary trouble and expense.  Therefore, Defendants

should be required to pay the expenses, including attorneys' fees and costs, associated with their breach of contract.

59. Defendants fraudulently induced Plaintiffs to continue working for Defendants for no wages. Therefore, Plaintiffs are entitled to punitive damages in addition to consequential damages.

60. Defendants are jointly and severally liable to Plaintiffs for the damages that arose naturally and according to the usual course of things from Defendants' breach, as provided by O.C.G.A. § 13-6-2, and interest from the time of the breach until recovery, as provided by O.C.G.A. § 13-6-13.

## Count III

## Unjust Enrichment

61. By this reference, Plaintiffs incorporate the above factual statements as if fully stated herein.

62. As set forth above, Plaintiffs performed valuable services on behalf of and at the request of Defendants.

63. Defendants, as shown above, accepted the fruits of Plaintiffs' efforts.

64. If Defendants are allowed to retain the monies associated with Plaintiffs' services and earnings, Defendants would be unjustly enriched at the expense of Plaintiffs.

65. As a direct result of Defendants' actions and inactions, Plaintiffs have suffered damage and injury in an amount to be proven at trial.

66. Defendants have acted in bad faith, been stubbornly litigious, and have cause Plaintiffs unnecessary trouble and expense. Therefore, Defendants should be required to pay the expenses, including attorneys' fees and costs, associated with their unjust enrichment.

67. Defendants fraudulently induced Plaintiffs to continue working for Defendants for no wages. Therefore, Plaintiffs are entitled to punitive damages in addition to consequential damages.

68. Defendants are jointly and severally liable to Plaintiffs for the damages that arose naturally and according to the usual course of things from Defendants' unjust enrichment and interest until recovery.

## Count IV

### Promissory Estoppel

69. By this reference, Plaintiffs incorporate the above factual statements as if fully stated herein.

70. As set forth above, Defendants made promises to Plaintiffs regarding the Plaintiffs' earning abilities that Plaintiffs could expect to make if Plaintiffs worked for Defendants.

71. Defendant should have reasonably expected Plaintiffs to rely on Defendants' promises.

72. As set forth above, Plaintiffs relied on Defendants' promises, to Plaintiffs' detriment.

73. The injustice Plaintiffs have suffered, and will continue to suffer, can be mitigated only if Defendants are forced to compensate Plaintiffs for their financial losses.

74. Defendants have acted in bad faith, been stubbornly litigious, and have cause Plaintiffs unnecessary trouble and expense. Therefore, Defendants should be required to pay the expenses, including attorneys' fees and costs, associated with the promissory estoppel claim.

75. Defendants fraudulently induced Plaintiffs to continue working for Defendants for no wages. Therefore, Plaintiffs are entitled to punitive damages in addition to consequential damages.

76. Defendants are jointly and severally liable to Plaintiffs for the damages that arose naturally and according to the usual course of things from the promissory estoppel claim and interest until recovery.

## Count V

## Quantum Meruit

77. By this reference, Plaintiffs incorporate the above factual statements as if fully stated herein.

78. As set forth above, Plaintiffs performed valuable services on behalf of and at the request of Defendants.

79. Defendants, as shown above, accepted the fruits of Plaintiffs' labors.

80. Defendants were aware, prior to and at the time that Plaintiffs provided such services, that Plaintiffs expected to be compensated in accordance with their agreements.

81. Defendants have unjustly failed to compensate Plaintiffs for their services and contractual earnings, despite their explicit and/or implied promises of compensation to Plaintiffs.

82. As a direct result of Defendants' actions and inactions, Plaintiffs have suffered damage and injury in an amount to be proven at trial.

83. Defendants have acted in bad faith, been stubbornly litigious, and have cause Plaintiffs unnecessary trouble and expense.  Therefore, Defendants should be required to pay the expenses, including attorneys' fees and costs, associated with the quantum meruit claim.

84. Defendants fraudulently induced Plaintiffs to continue working for Defendants for no wages. Therefore, Plaintiffs are entitled to punitive damages in addition to consequential damages.

85. Defendants are jointly and severally liable to Plaintiffs for the damages that arose naturally and according to the usual course of things from the quantum meruit claim and interest until recovery.

## V. Prayer for Relief

**WHEREFORE**, Plaintiffs pray that this Court enter an order:

a. assuming jurisdiction over this action;

b. declaring that the Defendants violated the FLSA;

c. permanently enjoining Defendants from further violations of the FLSA;

d. granting judgment to Plaintiffs on their FLSA claims and awarding each of them their unpaid minimum wages and overtime premiums, plus an equal amount in liquidated damages;

e. granting judgment to Plaintiffs on their contract, unjust enrichment, promissory estoppel, and quantum meruit claims and awarding Plaintiffs' actual damages and punitive damages;

f. awarding prejudgment and postjudgment interest as allowed by law;

    g. awarding Plaintiffs their costs and reasonable attorneys' fees; and

    h. granting such further relief as this Court finds just.

Respectfully submitted this day: July 21, 2023.

                                       */s/ Daniel Werner*
                                       Daniel Werner
                                       Georgia Bar No. 422070
                                       dan@decaturlegal.com
                                       RADFORD & KEEBAUGH, LLC
                                       315 W. Ponce de Leon Ave.
                                       Suite 1080
                                       Decatur, Georgia 30030
                                       (678) 271-0300

                                       *Attorneys for Plaintiff*

## CERTIFICATE OF FONT

This is to certify that on July 21, 2023, I prepared the foregoing Complaint in Book Antiqua, 13-point type in accordance with L.R. 5.1(C).

/s/ Daniel Werner
Daniel Werner
Attorney for Plaintiff

**EXHIBIT A**

## CONSENT TO SUE

I am an individual employed or formerly employed by RUTCO, LLC, RUTCO TRANSPORT LLC and/or Ty Rutledge (collectively, "Defendants"). I consent to be a party Plaintiff in an action against Defendants to recover for unpaid wages including overtime pay, liquidated damages, attorneys' fees, costs and other relief under the Fair Labor Standards Act ("FLSA").

I hereby designate Radford & Keebaugh, LLC and any other attorneys those firms decide to associate with to represent me in this action, including making decisions on my behalf concerning the litigation. I understand that I may withdraw this consent at any time by notifying the above-listed attorneys in writing.

## CONSENTIMIENTO PARA DEMANDAR

Soy una persona empleada o anteriormente empleada por RUTCO, LLC, RUTCO TRANSPORT LLC and/or Ty Rutledge (conjuntamente, "Demandados"). Doy mi consentimiento para ser parte demandante en una acción legal en contra de los Demandados con el fin de recuperar salarios impagos, incluyendo el pago de horas extras, daños y perjuicios, honorarios de abogados, costos y otros recursos bajo la Ley de Normas Justas de Trabajo ("FLSA" por sus siglas en inglés).

Por la presente designo a Radford & Keebaugh, LLC y a cualquier otro abogado con el que dichas firmas decidan asociarse, para representarme en esta acción, incluyendo tomar decisiones en mi nombre con respecto al litigio. Entiendo que puedo retirar este consentimiento en cualquier momento notificando por escrito a los abogados mencionados anteriormente.

Ana Hernandez
Full Name/Nombre Completo

_(signature)_
Signature/Firma

07/20/23
Date/Fecha

## CONSENT TO SUE

I am an individual employed or formerly employed by RUTCO, LLC, RUTCO TRANSPORT LLC and/or Ty Rutledge (collectively, "Defendants"). I consent to be a party Plaintiff in an action against Defendants to recover for unpaid wages including overtime pay, liquidated damages, attorneys' fees, costs and other relief under the Fair Labor Standards Act ("FLSA").

I hereby designate Radford & Keebaugh, LLC and any other attorneys those firms decide to associate with to represent me in this action, including making decisions on my behalf concerning the litigation. I understand that I may withdraw this consent at any time by notifying the above-listed attorneys in writing.

## CONSENTIMIENTO PARA DEMANDAR

Soy una persona empleada o anteriormente empleada por RUTCO, LLC, RUTCO TRANSPORT LLC and/or Ty Rutledge (conjuntamente, "Demandados"). Doy mi consentimiento para ser parte demandante en una acción legal en contra de los Demandados con el fin de recuperar salarios impagos, incluyendo el pago de horas extras, daños y perjuicios, honorarios de abogados, costos y otros recursos bajo la Ley de Normas Justas de Trabajo ("FLSA" por sus siglas en inglés).

Por la presente designo a Radford & Keebaugh, LLC y a cualquier otro abogado con el que dichas firmas decidan asociarse, para representarme en esta acción, incluyendo tomar decisiones en mi nombre con respecto al litigio. Entiendo que puedo retirar este consentimiento en cualquier momento notificando por escrito a los abogados mencionados anteriormente.

Jose Alfredo Rocha Herrera a/k/a David A. Chavez
Full Name/Nombre Completo

Signature/Firma

7/20/2023
Date/Fecha

## CONSENT TO SUE

I am an individual employed or formerly employed by RUTCO, LLC, RUTCO TRANSPORT LLC and/or Ty Rutledge (collectively, "Defendants"). I consent to be a party Plaintiff in an action against Defendants to recover for unpaid wages including overtime pay, liquidated damages, attorneys' fees, costs and other relief under the Fair Labor Standards Act ("FLSA").

I hereby designate Radford & Keebaugh, LLC and any other attorneys those firms decide to associate with to represent me in this action, including making decisions on my behalf concerning the litigation. I understand that I may withdraw this consent at any time by notifying the above-listed attorneys in writing.

## CONSENTIMIENTO PARA DEMANDAR

Soy una persona empleada o anteriormente empleada por RUTCO, LLC, RUTCO TRANSPORT LLC and/or Ty Rutledge (conjuntamente, "Demandados"). Doy mi consentimiento para ser parte demandante en una acción legal en contra de los Demandados con el fin de recuperar salarios impagos, incluyendo el pago de horas extras, daños y perjuicios, honorarios de abogados, costos y otros recursos bajo la Ley de Normas Justas de Trabajo ("FLSA" por sus siglas en inglés).

Por la presente designo a Radford & Keebaugh, LLC y a cualquier otro abogado con el que dichas firmas decidan asociarse, para representarme en esta acción, incluyendo tomar decisiones en mi nombre con respecto al litigio. Entiendo que puedo retirar este consentimiento en cualquier momento notificando por escrito a los abogados mencionados anteriormente.

Patricia Moreno a/k/a Astrid Vega
Full Name/Nombre Completo

*Patricia A Moreno*
Signature/Firma

7/20/2023
Date/Fecha