# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| ANA HERNANDEZ, JOSÉ ALFREDO ROCHA HERRERA, and PATRICIA MORENO,<br><br>Plaintiffs,<br><br>v.<br><br>RUTCO, LLC, RUTCO TRANSPORT LLC, and TY RUTLEDGE,<br><br>Defendants. | Civil Action No. 4:23-cv-00159-WMR |

## ORDER

This matter comes before the Court on Plaintiffs Ana Hernandez, Jose Alfredo Rocha Herrera, and Patricia Moreno's (collectively, "Plaintiffs") Motion for Default Judgment. [Doc. 10]. Upon consideration of the Motion and all appropriate matters of record, the Motion is **GRANTED**, subject to the Court's adjustments to Plaintiffs' requested damages.

## I.     Background

Plaintiffs brought this action against their former employer, the Defendants, seeking to recover unpaid wages, unpaid overtime wages, statutory liquidated damages, punitive damages, costs, and attorney fees. Plaintiffs brought claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and

1

breach of contract, and in the alternative, claims for unjust enrichment, promissory estoppel, and *quantum meruit*. [Doc. 1 at 7–13]. According to the record, Defendants were served with process on September 6, 2023. *See* [Doc. 3; Doc. 4; Doc. 5]. Defendants had 21 days, or through September 27, 2023, to file their answers or other responses to Plaintiffs' Complaint but did not do so. *See* Fed. R. Civ. P. 12(a)(1)(A)(1). The Clerk of Court entered default against Defendants on October 16, 2023, and Plaintiffs moved for a default judgment on November 17, 2023. [Doc. 10].

## II.     Legal Standard

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *See Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). A default judgment may be entered by the Court only if the well-pleaded factual allegations of the complaint, which are deemed admitted by reason of default, provide a sufficient legal basis for

such entry. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] "Damages may be awarded only if the record adequately reflects the basis for award via . . . 'a demonstration by detailed affidavits establishing necessary facts.'" *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**III. Discussion**

A. <u>FLSA Liability</u>

Plaintiffs have raised claims under the FLSA. "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

Here, the admitted facts demonstrate that Plaintiffs were employed by Defendants and that Defendants were engaged in interstate commerce. [Doc. 1 at 3–

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5]. Plaintiffs have also adequately alleged that Defendants failed to pay them minimum wage and overtime wages. [*Id.* at 5]. Accordingly, the Court finds that Plaintiffs are entitled to judgment by default as to liability on their FLSA claims.

B. Breach of Contract Liability

Plaintiffs have also brought claims for breach of contract. The elements of a breach of contract claim in Georgia are "(1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom." *Brooks v. Branch Banking & Tr. Co.*, 107 F. Supp. 3d 1290, 1295 (N.D. Ga. 2015); *see also Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga. App. 501, 502 (2010) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.").

Plaintiffs' well-pleaded factual allegations are sufficient to establish a valid contract between themselves and Defendants. *See* [Doc. 1 at 5–6]. Plaintiffs have also established that Defendants failed to perform their material obligations under the contracts, which resulted in damages to Plaintiffs. [*Id.*; Doc. 10-2 at 6–7; Doc. 10-3 at 6–7; Doc. 10-4 at 6–7]. Therefore, the Court finds that Plaintiffs have alleged and presented sufficient evidence to state a breach of contract claim. Plaintiffs are entitled to judgment by default as to liability on their breach of contract claims.

C. <u>Compensatory and Liquidated Damages</u>

"While well-pleaded facts in the complaint are deemed admitted . . . allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1365 (N.D. Ga. 2011) (citing *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)). "[A]n evidentiary hearing for a determination of damages is not always required; rather, it is a decision that is left to the discretion of the Court." *Gibson v. Kirkwood Bar & Grill, LLC*, 2014 WL 632357, at *1 (N.D. Ga. Feb. 18, 2014) (citing *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011)). The Court may only award damages in connection with a default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017).

In this case, the Court finds that a hearing on damages is unnecessary because the essential evidence as to damages is already in the record. Plaintiffs' Declarations, submitted with the Motion, establish that Plaintiffs were paid regular wages of $11 per hour. [Doc. 10-2 at 7; Doc. 10-3 at 7; Doc. 10-4 at 7]. Plaintiff Herrera's Declaration indicates that he was not paid for 149.5 hours (54.5 + 46 + 49) of work over a three-week period at his $11 per hour contract wage, and he was not paid at

5

an overtime wage rate for 43 overtime hours (2.5 + 11 + 14.5 + 6 + 9) that he worked over a five-week period. [Doc. 10-2 at 7]. Plaintiff Hernandez's Declaration indicates that she was not paid for 186 hours (51 + 40 + 46 + 49) of work over a four-week period at her $11 per hour contract wage, and she was not paid at an overtime wage rate for 26 overtime hours (11 + 0 + 6 + 9)$^2$ that she worked over a four-week period. [Doc. 10-3 at 7]. Finally, Plaintiff Moreno's Declaration indicates that she was not paid for 106.5 hours (52.5 + 54) of work over an 18-day period at her $11 per hour contract wage. [Doc. 10-4 at 7].$^3$

---

$^2$ The Court's calculation is based solely on the information provided in Plaintiff Hernandez's Declaration. *See* [Doc. 10-3]. The Court notes that its calculation differs from the calculation in Plaintiffs' Motion. [Doc. 10-1 at 18]. Plaintiffs claim in their Motion that Plaintiff Hernandez is entitled to 1 hour of overtime pay for work she performed during her first nine days of employment. [*Id.*]. However, Plaintiff Hernandez's Declaration does not support this assertion, as it contains no information about how many hours Plaintiff Hernandez worked during that nine-day period. *See* [Doc. 10-3 at 7]. Plaintiffs' Motion also contains the following miscalculation regarding Plaintiff Hernandez's overtime hours: "1+11+0+6+9=23." [Doc. 10-1 at 18].

$^3$ Plaintiffs claim in their Motion that Plaintiff Moreno is entitled to 3 hours of overtime pay for work she performed during her 18-day employment period. [10-1 at 18]. However, Plaintiff Moreno's Declaration does not support this assertion. Plaintiff Moreno's Declaration demonstrates only that she worked 52.5 hours and 54 hours, respectively, over two nine-day periods. [Doc. 10-4 at 7]. This evidence fails to demonstrate that she worked more than 40 hours in any given workweek. For example, Plaintiff Moreno's evidence equally supports that she worked 40 hours in days one through seven (one workweek) and 12.5 hours in days eight through nine. The Court rejects as speculation Plaintiffs' attempt to estimate overtime hours that Plaintiff Moreno may have worked. [Doc. 10-1 at 18].

As a result of Defendants' breach, Plaintiffs are entitled to the full amount of their unpaid wages at the contract rate of $11 per regular-wage hour. Defendants' violations of the FLSA also entitle Plaintiffs to unpaid overtime wages at the rate of an additional $5.50 per hour for each overtime hour worked. *See* 29 U.S.C. § 207(a)(1) (providing that overtime compensation is "at a rate not less than one and one-half times the regular rate at which [the employee] is employed"); *see also* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . ."). Finally, Plaintiffs are entitled to liquidated damages in an amount equivalent to their unpaid overtime and minimum wages as a result of Defendants' FLSA violations. *See* 29 U.S.C. § 216(b) (providing statutory liquidated damages).

Accordingly, Plaintiffs are entitled to the following compensatory and liquidated damages:

- **Plaintiff Herrera: $3,201.38**
    - Regular Wage Contract Damages: 149.5 x 11 = $1,644.50
    - Additional Overtime Damages: 43 x 5.5 = $236.50
    - Overtime Liquidated Damages: 43 x 5.5 = $236.50
    - Minimum Wage Liquidated Damages: 149.5 x 7.25 = $1,083.88

- **Plaintiff Hernandez: $3,680.50**
  - Regular Wage Contract Damages: 186 x 11 = $2,046.00
  - Additional Overtime Damages: 26 x 5.5 = $143.00
  - Overtime Liquidated Damages: 26 x 5.5 = $143.00
  - Minimum Wage Liquidated Damages: 186 x 7.25 = $1,348.50
- **Plaintiff Moreno: $1,943.63**
  - Regular Wage Contract Damages: 106.5 x 11 = $1,171.50
  - Minimum Wage Liquidated Damages: 106.5 x 7.25 = $772.13

D. <u>Punitive Damages</u>

Plaintiffs also seek punitive damages based on Defendants fraudulently inducing Plaintiffs to continue working for Defendants for no wages by promising that wages would be forthcoming, notwithstanding that Defendants knew these promised wages were misrepresentations. [Doc. 1 at 6, 9]. Plaintiffs request that the Court assess punitive damages at a ratio of 4:1, which, according to Plaintiffs, represents the ratio that "the Supreme Court determined did not come close to constitutional impropriety." [Doc. 10-1 at 20].

O.C.G.A. § 13-6-10 provides that punitive damages are not recoverable in breach of contract actions. "This is true, even if the refusal to pay is made in bad faith." *Layer v. Clipper Petroleum, Inc.*, 319 Ga. App. 410, 420 (2012). However, "[i]n certain rare situations, where the breach of contract entails an act of fraud,

punitive damages may be imposed[.]" *Parsells v. Orkin Exterminating Co., Inc.*, 172 Ga. App. 74, 75 (1984). "Even in an action for breach of contract, where there were matters of record relating to fraud, punitive damages can be awarded, for 'fraud, if found, is tortious conduct.'" *Clark v. Aenchbacher*, 143 Ga. App. 282, 284 (1977) (quoting *Diana v. Monroe*, 132 Ga. App. 669, 672 (1974)). Under Georgia law, fraud has five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Bowden v. Med. Ctr., Inc.*, 845 S.E.2d 555, 563 n.10 (Ga. 2020).

Plaintiffs' well-pleaded factual allegations are sufficient to establish a claim for fraud against Defendants. Plaintiffs allege that Defendants promised Plaintiffs wages but failed to pay those wages. [Doc. 1 at 6]. Plaintiffs further allege that Defendants intended to fraudulently induce Plaintiffs to continue to work for no wages and that Defendants knew the promised wages would not be paid. [*Id.* at 6, 9]. Finally, Plaintiffs allege that they relied on Defendants' promises to their detriment and suffered damages. [*Id.* at 5–6]. Therefore, the Court finds that Plaintiffs have alleged and presented sufficient evidence to state claims for fraud.

Although Plaintiffs are entitled to punitive damages as a result of Defendants' fraud, the Court declines to assess punitive damages at Plaintiffs' requested 4:1 ratio. While such an award might be constitutionally permissible, the Court lacks information about Defendants' net worths and revenues that would aid in

determining the amount of punitive damages necessary to appropriately "punish and deter" Defendants. *Ford v. Uniroyal Goodrich Tire Co.*, 476 S.E.2d 565, 570 (Ga. 1996) (discussing the purpose of punitive damages). Instead, the Court will assess punitive damages by referencing the overall damages that Defendants would have to pay if Plaintiffs were entitled to treble damages on their breach of contract claims. In other words, punitive damages will be set at a ratio of 2:1, such that Defendants will pay total damages in an amount equivalent to an award of treble damages on Plaintiffs' breach of contract claims. Accordingly, Plaintiffs are entitled to the following punitive damages:

- **Plaintiff Herrera: $3,762**
    - Double Contract Damages: (1,644.50 + 236.50) x 2 = 3,762
- **Plaintiff Hernandez: $4,378**
    - Double Contract Damages: (2,046.00 + 143.00) x 2 = 4,378
- **Plaintiff Moreno: $2,343**
    - Double Contract Damages: 1,171.50 x 2 = 2,343

E. Prejudgment Interest

Plaintiffs also request prejudgment interest on their economic damages for their breach of contract claims.[4] "In federal diversity actions, pre-judgment interest is governed by state law[.]" *Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1192 (11th Cir. 2023). Georgia law provides that, "[i]n all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the recovery." O.C.G.A. § 13-6-13. O.C.G.A. § 7-4-12 further provides that prejudgment interest is calculated at the federal prime lending rate, plus 3 percent. The federal prime interest rate is currently 8.5%. *See* BD. OF GOVERNORS OF THE FED. RESERVE SYS., *Selected Interest Rates (Daily)*, https://www.federalreserve.gov/releases/h15/ (last visited Mar. 4, 2024). Accordingly, the prejudgment annual interest rate is 11.5%, or a daily rate of .0315%.

Here, there is no evidence that establishes the exact dates of Defendants' breaches, but Plaintiffs worked for Defendants in March and April of 2023. [Doc. 10-2 at 6; Doc. 10-3 at 6; Doc. 10-4 at 6]. Therefore, Defendants were in breach by May 1, 2023, at the latest, and the Court will use that date for purposes of calculating

---

[4] "Plaintiffs may not recover both liquidated damages and prejudgment interest" on their FLSA claims. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Additionally, Plaintiffs are not entitled to prejudgment interest on punitive damages. *See Peters v. Hyatt Legal Servs.*, 220 Ga. App. 398, 401 (1996).

prejudgment interest. Interest has accrued at a rate of .0315% daily over the 309 days since Defendants' breaches. Accordingly, Plaintiffs are entitled to the following prejudgment interest:

- **Plaintiff Herrera: $183.09**
    - Prejudgment Interest: (1,644.50 + 236.50) x 309 x .000315= $183.09
- **Plaintiff Hernandez: $213.07**
    - Prejudgment Interest: (2,046.00 + 143.00) x 309 x .000315 = $213.07
- **Plaintiff Moreno: $114.03**
    - Prejudgment Interest: 1,171.50 x 309 x .000315 = $114.03

F. <u>Attorney Fees and Costs</u>

Finally, Plaintiffs seek attorney fees and litigation costs pursuant to 29 U.S.C. § 216(b). [Doc. 10-1 at 21–22]. Having found Defendants liable on Plaintiffs' FLSA claims, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 29 U.S.C. § 216(b). Plaintiffs request a total of $24,670.50 in attorney fees and $862.95 in litigation expenses. [*Id.* at 22]. As requested in their Motion, the Court will defer ruling on Plaintiffs' request for attorney fees and costs.[5] Plaintiffs must submit an application for reasonable attorney fees and costs within 14 days of the date of this

---

[5] With regard to Plaintiffs' preliminary request for attorney fees, the Court is concerned about the total amount requested, the attorneys' requested hourly rates, and the hours expended on this case. The Court notes that it will only award attorney fees that it finds reasonable in accordance with the prevailing law in this circuit.

Order. With regard to requested costs, the Court notes that Plaintiffs should file a bill of costs in accordance with Local Rule 54.1 that contains an itemized list of compensable costs.

### IV.     Conclusion

For the foregoing reasons, Plaintiffs' Motion for Default Judgment [Doc. 10] is **GRANTED**, subject to the Court's adjustments to Plaintiffs' requested damages. It is hereby **ORDERED** that the Clerk of Court enter a default judgment in favor of Plaintiffs and against Defendants, jointly and severally, as follows:

- **$3,201.38** in compensatory and liquidated damages for Plaintiff Herrera;
- **$3,762** in punitive damages for Plaintiff Herrera;
- **$183.09** in prejudgment interest for Plaintiff Herrera;
- **$3,680.50** in compensatory and liquidated damages for Plaintiff Hernandez;
- **$4,378** in punitive damages for Plaintiff Hernandez;
- **$213.07** in prejudgment interest for Plaintiff Hernandez;
- **$1,943.63** in compensatory and liquidated damages for Plaintiff Moreno;
- **$2,343** in punitive damages for Plaintiff Moreno;
- **$114.03** in prejudgment interest for Plaintiff Moreno; and
- Reasonable attorney fees and costs in an amount to be determined following the Court's review of Plaintiffs' forthcoming application and bill of costs.

Plaintiffs may file an application for reasonable attorney fees and a bill of costs within 14 days of the date of this Order.

**IT SO ORDERED**, this 5th day of March, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE